## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT BARROCA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. 16-2822-CM** |
| **KRISTINE ARNOLD AULEPP, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### MEMORANDUM AND ORDER

Plaintiff Robert Barroca brings this § 1983 action, claiming that defendants showed deliberate indifference to his medical needs.  Defendants filed a motion to dismiss (Doc. 17), moving for dismissal on a number of grounds, including qualified immunity.  Defendants attached evidence to their motion, as much of the motion was based on Fed. R. Civ. P. 12(b)(1).  When considering arguments under Rule 12(b)(1), a court may look beyond the pleadings and rely on evidence to resolve jurisdictional questions.  *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

Plaintiff moved to exclude the evidence (Doc. 33), arguing that the court cannot consider evidence when ruling on a motion to dismiss under Rule 12(b)(6), and some of defendants' arguments (including those about qualified immunity) fall under Rule 12(b)(6).  Defendants responded that any arguments based on rule 12(b)(6) are based on the pleadings only, and that the motion can be decided as to those arguments without referencing the exhibits.

The court concludes that the exhibits should not be excluded.  They are properly considered for at least part of defendants' motion.  But the court does not believe that defendants' Rule 12(b)(6) arguments are limited solely to the pleadings.  The court cannot consider the evidence with respect to

those arguments unless it converts defendants' motion to dismiss to a motion for summary judgment. And "when such a conversion occurs, the district court 'must provide the parties with notice so that all factual allegations may be met with countervailing evidence.'"  *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (citation omitted).  "Notice to the parties is required to prevent unfair surprise when a judge converts a 12(b)(6) motion into a Rule 56 motion."  *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996).

The court hereby gives notice to the parties that it intends to convert defendants' motion to dismiss to a motion for summary judgment.  Plaintiff must file an amended response to defendants' motion with evidence in support on or before April 2, 2018.  Defendant may file an amended reply on or before April 16, 2018.  The court will then consider defendants' motion (Doc. 17) as one for summary judgment instead of a motion to dismiss.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Exclude (Doc. 33) is denied.

**IT IS FURTHER ORDERED** that the court intends to convert defendants' Motion to Dismiss (Doc. 17) to a motion for summary judgment.  Plaintiff must file an amended response to defendants' motion with evidence in support on or before April 2, 2018.  Defendant may file an amended reply on or before April 16, 2018.  The court will then consider defendants' motion (Doc. 17) as one for summary judgment instead of a motion to dismiss.

Dated this 9th day of March, 2018, at Kansas City, Kansas.

s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**