IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT BARROCA,** )<br>)<br>　　　　**Plaintiff,** )<br>)<br>v. )<br>)<br>**KRISTINE ARNOLD AULEPP, et al.,** )<br>)<br>　　　　**Defendants.** )<br>_____ ) | **Case No. 16-2822-CM** |

## MEMORANDUM AND ORDER

Plaintiff Robert Barroca brings this *Bivens* action, claiming that defendants showed deliberate indifference to his medical needs. *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). Defendants filed a motion to dismiss (Doc. 17), moving for dismissal on a number of grounds, including qualified immunity. Defendants attached evidence to their motion, and the court gave the parties notice that it intended to convert defendants' motion to dismiss to a motion for summary judgment. The court gave plaintiff until April 2, 2018 to file an amended response to defendants' motion, with evidence in support. Instead of filing an amended response on April 2, plaintiff filed an unopposed motion for extension of time until May 2. Then, on May 2, plaintiff filed Plaintiff's Motion for Extension of Time to Seek Leave to Amend (Doc. 40). Notably, this motion does not seek additional time to amend plaintiff's summary judgment response. Instead, the motion seeks additional time to amend the complaint. Plaintiff did not file an amended response to defendants' summary judgment motion. Defendants oppose plaintiff's motion for an extension of time.

In Doc. 40, plaintiff essentially concedes that he cannot prove his remaining constitutional claims against defendants Aulepp, Clark, and the Bureau of Prisons. (*See* Doc. 40 at 3–4 ("[A]fter

-1-

deliberate consideration, Plaintiff is now of the opinion that it will be difficult to prove the subjective element of his claims of deliberate indifference.").)  Plaintiff previously conceded that all other claims should be dismissed.  (*See* Doc. 32 at 2 n.1.)  Plaintiff does believe, however, that he can state claims for negligence against the United States based on essentially the same facts pleaded in his complaint.  Plaintiff represents that he currently has an administrative claim pending with the Bureau of Prisons, and after that claim is exhausted, he will be in a position to file an amended complaint in this case for negligence against the United States under the Federal Tort Claims Act ("FTCA").  Plaintiff therefore is not seeking to amend his complaint now, but asking the court to essentially stay the case until after plaintiff exhausts his administrative claim.  At that time, plaintiff will seek leave to amend.

The problem with plaintiff's approach is that if summary judgment is warranted in favor of defendants, such a ruling would terminate all of the parties and claims remaining in the case.  There would not be any "case" to stay while plaintiff exhausts his administrative remedies.  In addition, this court cannot predict the outcome of plaintiff's exhaustion efforts.  Plaintiff may receive relief from the Bureau of Prisons, thereby mooting any prospective requests for relief before this court.

Plaintiff filed this case in December 2016.  Defendants moved to dismiss the case on August 1, 2017.  After three extensions of time to respond, plaintiff responded to the motion on January 3, 2018.  The court stayed discovery during that time.  Plaintiff filed his administrative claim with the Bureau of Prisons on January 19, 2018.  The Bureau of Prisons is not required to respond to the administrative claim until July 18, 2018, and plaintiff seeks until August 31, 2018 to ask for leave to amend his complaint.

In light of the length of time defendants' motion has been pending, and the additional time that would pass if the court would wait until after the Bureau of Prisons responds to plaintiff's administrative claims, the court determines that plaintiff has not shown good cause for further delaying

a ruling on defendants' summary judgment motion.  *See generally* Fed. R. Civ. P. 6(b)(1) (requiring good cause for an extension of time).  Defendants' summary judgment motion is unopposed, and all of the facts are deemed admitted.  D. Kan. R. 56.1(a).  Based on the arguments and legal authority in the summary judgment motion, as well as plaintiff's withdrawn claims, the court determines that summary judgment in favor of defendants is warranted.  Plaintiff has offered no evidence of deliberate indifference.  Without deliberate indifference, plaintiff cannot establish a constitutional violation.  *See Martin v. Bd. of Cnty. Com'rs of Cnt. of Pueblo*, 909 F.2d 402, 406 (10th Cir. 1990) (requiring deliberate indifference for constitutional claims about a prisoner's medical treatment).  And without a constitutional violation, plaintiff cannot state a claim against individual defendants in their individual capacities or against the Bureau of Prisons for injunctive relief.

The court grants summary judgment for defendants as to all existing claims.  This action leaves no claims to keep the case open for plaintiff to later file a motion to amend the complaint.  The court therefore finds no good cause for granting plaintiff an extension of time to file a motion to add an FTCA claim in August 2018.  Plaintiff's motion for an extension of time is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Seek Leave to Amend (Doc. 40) is denied.

**IT IS FURTHER ORDERED** that defendants' Motion for Summary Judgment (Doc. 17) is granted.  The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

The case is closed.

Dated this 21st day of May, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**